**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KHALED OUILI,**

               **Plaintiff,**               **CASE NUMBER: 07-11749**
                                        **HONORABLE VICTORIA A. ROBERTS**

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
**DIRECTOR, DETROIT DISTRICT, UNITED**
**STATES CITIZENSHIP AND IMMIGRATION SERVICE,**
**FEDERAL BUREAU OF INVESTIGATION,**
**and NATIONAL NAME CHECK PROGRAM,**

               **Defendants.**
_____/

## ORDER

**I.**     **INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss or in the

Alternative to Remand. For the reasons stated, Defendants' Motion is **GRANTED** in

part and **DENIED** in part.

**II.**     **BACKGROUND**

Khaled Ouili ("Plaintiff") filed an application for naturalization with the United

States Citizenship and Immigration Services ("USCIS"). Plaintiff, a natural born citizen

of Algeria, came to the United States in 1991. On April 14, 2004, he filed a petition for

naturalization. On April 23, 2004, the USCIS submitted Plaintiff's name to the Federal

Bureau of Investigation ("FBI") for a criminal background check. The USCIS

interviewed Plaintiff about his application on October 14, 2004. USCIS informed

1

Plaintiff that he passed the English basic proficiency, history, and government tests.

However, because Plaintiff's criminal background check was not complete, USCIS could

not render a decision on his application.  Three years later, Plaintiff is still waiting.  His

background check is still pending.

Plaintiff filed suit against the Department of Homeland Security, the District

Director Detroit, USCIS, Federal Bureau of Investigation, and the National Name Check

Program ("Defendants") seeking an order compelling them to complete the background

check and to approve his naturalization application.

## IV.  STANDARD OF REVIEW

The standard of review applicable to a Rule 12(b)(1) motion to dismiss based on

lack of subject matter jurisdiction depends on the nature of the motion.  For a "facial

attack" arguing an absence of subject matter jurisdiction under Rule 12(b)(1),  – which

this is – the pertinent standard for review is in *RMI Titanium Co. v. Westinghouse Elec.*

*Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996).  The district court must assume that the

plaintiff's allegations are true and must construe them in a light most favorable to the

plaintiff.  *Id.*  Relief is appropriate only if, after such construction, it is apparent to the

district court that there is an absence of subject matter jurisdiction.  *Id.*; *see also United*

*States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  When responding to a facial attack

on subject matter jurisdiction, the plaintiff's burden is not onerous.  *Musson Theatrical,*

*Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  The plaintiff can

"survive the motion by showing any arguable basis in law for the claim made."  *Id.*


## V.  ANALYSIS

Defendants argue that the Court should dismiss Plaintiff's claim for lack of

subject matter jurisdiction. According to Defendant, the Court lacks jurisdiction over

Plaintiff's application for naturalization under 8 U.S.C. § 1447(b). Section 1447(b)

grants a district court jurisdiction over an application for naturalization that has been

pending for over 120 days. Specifically, the statute provides:

> If there is a failure to make a determination under section 1446 of this title
> before the end of the 120-day period after the date on which the *examination*
> is conducted under such section, the applicant may apply to the United
> States district court for the district in which the applicant resides for a hearing
> on the matter. Such court has jurisdiction over the matter and may either
> determine the matter or remand the matter, with appropriate instructions, to
> the Service to determine the matter.

8 U.S.C. §1447(b)(emphasis added).

The issue before the Court is whether the 120-day period begins after the

applicant's initial interview or after the agency has compiled all of the information

necessary to decide the application. Defendants maintain that the term "examination"

means when the USCIS has gathered all of the necessary information to make a

decision on an application for naturalization. Plaintiff argues that "examination" refers to

the applicant's initial interview. Because Plaintiff's background check remains

unverified, Defendants claim the 120-day period has not begun to run and, therefore,

the Court lacks jurisdiction to hear this matter. The Court disagrees.

A majority of Courts within this jurisdiction and other circuits have consistently

held that the term "examination" references the applicant's interview as mandated by §

1446. In each case the government agencies have advanced the same argument -- the

120 day period begins after all the information is gathered. And, in each case, Courts

conclude they have jurisdiction because the 120-day period begins after the initial

interview.  *See Issa v. Mueller,* 486 F.Supp.2d 668 (E.D.Mich. 2007); *Abdelkarim v. Gonzales*, No. 06-15602, 2007 WL 1284924 (E.D.Mich. April 30, 2007); *Garcia-Guerra v. Chertoff*, No. 06-14243, 2007 WL 1004223 (E.D.Mich. March 30, 2007); *Al Saleh v. District Director*, No. 06-13372, 2007 WL 925693 (E.D.Mich. March 28, 2007); *Khelifa v. Chertoff*, 433 F.Supp.2d 836 (E.D.Mich. 2006); *Zhang v. Chertoff*, No. 05-72121, 2006 WL 4045600 (E.D.Mich. Feb. 1, 2006); *Al Saidi v. Jenifer*, No. 05-71832, 2005 WL 5179147 (E.D.Mich. Dec. 23, 2005); *Mahmood v. Jenifer*, No. 05-40154, 2005 WL 5179153 (E.D.Mich. Nov. 30, 2005).

Despite the plethora of cases holding otherwise, Defendants argue that the lack of a criminal background check precludes judicial review.  In support of their argument, Defendants note the importance of criminal background checks post 9/11 and that since 9/11 the FBI has been inundated with name check requests.  Defendants estimate that the FBI processed in excess of 3.4 million name checks in 2006.  The process is slow and Defendants contend that it must be completed before the 120-day period begins.

Recently, the Fifth Circuit Court of Appeals, adopted Defendants' view.  *Walji v. Gonzales*, No. 06-20937, 2007 WL 1747911 (5th Cir. June 19, 2007).  In *Walji*, the Fifth Circuit held that "when the [US]CIS examination is premature because the security investigation is not complete, the 120-day time period of 8 U.S.C. § 1447(b) does not begin to run until [US]CIS receives the FBI's 'definitive response,' described in 8 C.F.R. § 335.2(b)."  *Id.*  The Court reasoned that an initial interview before completion of the mandatory FBI investigation is premature and the language of § 335.2 indicates that Congress clearly intended the FBI security check to occur before the examination takes place.

Although § 335.2 does state background checks are to be completed before

examination, this Court declines to follow the Fifth Circuit's reasoning. Section 335.2

does not make sense if "the examination" is the entire process of considering the

application. *Issa v. Mueller,* 486 F.Supp.2d 668 (E.D.Mich. 2007). In addition, section

335.3 provides that, "[a] decision to grant or deny the application shall be made at the

time of the initial examination or within 120-days after the date of the initial examination

of the applicant for naturalization under § 335.2." 8 C.F.R. § 335.3. These sections

support this Court's and the majority of other court's view that the examination refers to

the interview and within 120 days of its completion USCIS must render a decision – not

120 days after the application is complete.

Further, Congress granted district courts jurisdiction to ensure that applications

are not unreasonably delayed. After three years, Plaintiff still waits for his criminal

background check to be completed. If the Court adopted Defendants' theory, it could be

several more years before Plaintiff could seek judicial relief because Defendants would

have no incentive to process applications efficiently. Despite Defendants' argument that

the Court's interpretation renders jurisdiction "hollow" and consistently results in

remands back to the agency, there are cases not requiring remand because the

application is complete but the agency simply fails to render a timely decision. In such

cases, the Court would exercise jurisdiction and could render a decision on the

naturalization application.

The Court rejects Defendants' interpretation and finds that it is also not entitled to

deference under *Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837

(1984). *Chevron* permits deference to an agency's statutory interpretation that is

"based on permissible construction of the statute." *Id.* at 843. Given the text of §

1447(b) and the regulatory language, Defendants' interpretation is impermissible and

inconsistent with evidence demonstrating that the "examination" is synonymous with the

interview. For these reasons, the Court has subject matter jurisdiction over Plaintiff's

claim.

However, Plaintiff's FBI background check is not finished. Without the criminal

background check, the Court is not equipped to decided Plaintiff's naturalization

application. *See El-Daour v. Chertoff*, 417 F.Supp.2d 679, 681-83 (W.D.Pa.

2005)(stating that the FBI background check is a vital piece of information and the Court

is not equipped to conduct such an investigation to determine whether the petitioner is

risk to national security). Therefore, pursuant to § 1447(b) the Court **REMANDS** this

case to USCIS for a prompt resolution following completion of the background check.


The Court **DENIES** Plaintiff's request for costs and attorneys' fees; Defendants

did not improperly file this motion.

## VI.    CONCLUSION

For the foregoing reasons, Defendants' motion is **GRANTED** in part and **DENIED**

in part.


      **IT IS ORDERED**.


                                    s/Victoria A. Roberts
                                    Victoria A. Roberts
                                    United States District Judge

Dated:  August 2, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 2, 2007.

s/Linda Vertriest

Deputy Clerk